# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAAC ACUNA, a minor, by and through his guardian ad litem, ADRIANA ACUNA,<br><br>           Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>           Defendant. | Case No.: 1:11-cv-00406 LJO JLT<br><br>ORDER DENYING STIPULATION TO AMEND SCHEDULING ORDER<br><br>(Doc. 16) |

**I.     Background**

Before the Court is the stipulation to extend the deadlines by which retained experts are to be disclosed and the date by which expert discovery is to be completed. (Doc. 16) Because the stipulation fails to provide any showing of good cause for the requested amendment, the Court **DENIES** the request without prejudice.

**II.    Discussion**

On June 23, 2011, the Court issued the scheduling order after conferring with counsel. (Doc. 13) In particular, the Court set deadlines by which expert disclosure, rebuttal expert disclosure and completion of the expert discovery would occur. Id. at 2. In the order, the Court advised the parties,

> **The dates set in this Order are considered to be firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation. Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where**

> **appropriate attached exhibits, which establish good cause for granting the relief requested.**

Id. at p. 7, emphasis in the original.

Despite this, the parties filed a stipulation seeking to amend the scheduling order without reciting any evidence that good cause exists to justify the amendment. (Doc. 16) Instead, the parties report only their conclusion that good cause exists. Id. Though the Court does not doubt counsels' belief in their conclusion, the Court must be provided facts so that it can make its own determination.

Pursuant to Fed. R. Civ. P. 16(b)(3), a case schedule may be modified only for good cause and only with the judge's consent. Fed. R. Civ. P. 16(b). In Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992), the Court explained,

> . . . Rule 16(b)'s "good cause" standard primarily concerns the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment) . . .[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.

Parties must "diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." Jackson v. Laureate, Inc., 186 F.R.D. 605, 607 (E.D. Cal. 1999); see Marcum v. Zimmer, 163 F.R.D. 250, 254 (S.D. W.Va. 1995). In part, the "good cause" standard requires the parties to demonstrate that "noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 Scheduling conference . . ." Jackson, 186 F.R.D. at 608. Because the Court has no information upon which it can conclude that good cause exists to amend the scheduling order, the stipulation is **DENIED**.[1]

IT IS SO ORDERED.

Dated:   **December 28, 2011**              /s/ Jennifer L. Thurston
                                        UNITED STATES MAGISTRATE JUDGE

---

[1] In the event that counsel choose to file an amended stipulation, they should consider the fact that their proposed schedule would preclude the filing of any non-dispositive motions related to expert discovery.