1
2
3
4
5
6
7
8                      **UNITED STATES DISTRICT COURT**

9                      **EASTERN DISTRICT OF CALIFORNIA**

10

11   I.A., by and through his guardian ad litem,   )   Case No.: 1:11-cv-00406 - LJO - JLT
     ADRIANA ACUNA,                                 )
12                                                   )   ORDER DIRECTING PLIANTIFF TO FILE
                                                     )   SUPPLEMENTAL BRIEFING IN SUPPORT OF
13                  Plaintiff,                        )   THE MOTION TO APPROVE SETTLEMENT
           v.                                        )
14                                                   )
     UNITED STATES OF AMERICA,                       )
15                                                   )
                    Defendant.                       )
16   _____        )

17         The plaintiff ("I.A.") is a minor appearing in this proceeding by and through his guardian ad

18   litem ("GAL") Adriana Acuna, who has requested approval of the settlement agreement with the

19   Government.  (Doc. 32).

20         No settlement or compromise of "a claim by or against a minor or incompetent person" is

21   effective unless it is approved by the Court.  Local Rule 202(b).  A petition seeking approval of the

22   settlement must disclose:

23         the age and sex of the minor, the nature of the causes of action to be settled or
           compromised, the facts and circumstances out of which the causes of action arose,
24         including the time, place and persons involved, the manner in which the compromise
           amount . . . was determined, including such additional information as may be required
25         to enable the Court to determine the fairness of the settlement or compromise, and, if a
           personal injury claim, the nature and extent of the injury with sufficient particularity to
26         inform the Court whether the injury is temporary or permanent.

27

28

1

Local Rule 202(b)(2).  Here, although the petitioner filed more than two hundred pages in support of the motion, the information above is not identified for the Court in the moving papers.[1]  Further, Plaintiff's counsel has not explained how the fee award of $726,923.00 was calculated nor have they offered any support for this figure.[2,3]  *See* California Rule of Court 7.955(b) (to determine whether a request for attorney's fee is reasonable, the Court may consider the time and labor required, whether the minor's representative consented to the fee, the amount of money involved and the results obtained, and whether the fee is fixed, hourly, or contingent).

In addition, it is unclear why the petitioner believes the state court's approval of the settlement terms was necessary or why she believes it is relevant to this action.  A settlement or compromise must be approved by the state court *only* "[i]n actions in which the minor or incompetent is represented by an appointed representative pursuant to appropriate state law."  Local Rule 202(b)(1).  Here, the District Court has exclusive jurisdiction over the complaint, and the guardian ad litem was appointed by this Court on March 30, 2011.  (Doc. 8).

Accordingly, Plaintiff **SHALL** file supplemental briefing that supports its request for fees and costs and explains how the state court approval of the compromise bears on this Court's determination.  The supplemental brief shall be no more than ten pages in length, including exhibits, and filed within fourteen days of the date of service of this order.

IT IS SO ORDERED.

Dated:   **November 21, 2012**          **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE

---

[1] Given the volume of papers filed, it is not reasonable to expect the Court to cull through all of them to find the nuggets of information pertinent to the issues. United States v. Dunkel, 927 F.2d 955, 956 (7th Cir.1991) "Judges are not like pigs, hunting for truffles buried in briefs.")

[2] The parties appear to have agreed no more than twenty-five percent of the settlement amount may be awarded as attorney fees, as provided in the Federal Tort Claims Act.  (Doc. 32-3 at 58).  However, Plaintiff reports the amount was calculated pursuant to Cal. Bus. & Prof. Code § 6146(a), which allows for "[f]ifteen percent of any amount on which the recovery exceeds six hundred thousand dollars ($600,000)." *Id.* at 46.

[3] Plaintiffs assert also "the separate attorney fee for th[e] recovery is $730,213.67 (16.6%)." (Doc. 32-3 at 55).  Thus, it remains unclear how much counsel seeks in attorney fees.