UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| I.A., by and through his guardian ad litem, ADRIANA ACUNA,<br><br>          Plaintiff,<br>   v.<br>UNITED STATES OF AMERICA,<br><br>          Defendant. | Case No.: 1:11-cv-00406 - LJO - JLT<br><br>ORDER VACATING HEARING DATE OF JANUARY 7, 2013<br><br>FINDINGS AND RECOMMENDATIONS GRANTING IN PART PLAINTIFF'S MOTION TO APPROVE SETTLEMENT<br><br>(Doc. 32) |

The plaintiff ("I.A.") is a minor appearing in this proceeding by and through his guardian ad litem ("GAL") Adriana Acuna.  Pending before the Court is an unopposed petition for approval of settlement of the minor's claims.  (Doc. 32).

Having reviewed the motion and its supporting documents, the Court finds the matter suitable for decision without a hearing pursuant to Local Rule 230(g).  Therefore, the matter is taken under submission, and the hearing date of January 7, 2013, is **VACATED**.  In doing so, the Court finds there is good cause to excuse the child's attendance at a hearing due to his medical fragility.

For the following reasons, the Court recommends Plaintiff's motion for approval of the settlement be **GRANTED IN PART**.

**I.     Factual and Procedural History**

Plaintiff initiated this action against the United States of America ("Defendant" or "the Government") on March 9, 2011, pursuant to the Federal Tort Claims Act arising under 28 U.S.C. §

1

2671. (Doc. 1). Plaintiff alleged medical malpractice and personal injuries arising from "employees of federally supported medical clinics." *Id.* at 1.

According to Plaintiff, Clinica Sierra Vista was employed by Adriana Acuna "to diagnose and treat her condition of pregnancy and to do all things necessary for her care and care of her baby [I.A.], including, but not limited to, pre-delivery care, the delivery, and post-delivery care." (Doc. 1 at 4-5). Plaintiff alleged "Defendant and its agents and employees . . . negligently delivered, examined, treated, cared for, diagnosed, operated upon, attended and otherwise handled and controlled the minor Plaintiff herein, thereby proximately causing injuries and damages to the minor Plaintiff, including but not limited to severe neurological injuries and brain damage." *Id.* at 5. Specifically, Plaintiff reports Clinica Sierra Vista employees "failed to diagnose and treat neonatal alloimmune thrombocytopenia resulting in a massive intracranial hemorrhage that left Plaintiff with significant cognitive defects." (Doc. 32 at 2). As a result, "Plaintiff will require daily attendant care for the remainder of his life." *Id.* Therefore, Plaintiff sought damages for past and future medical damages, as well as damages for loss of future earning and earning capacity. (Doc. 1 at 6).

On November 16, 2012, Plaintiff filed the motion now before the Court, asserting the parties reached a settlement agreement, subject to approval of the state court and District Court. (Doc. 32). Under the terms of the agreement, the Government would pay "$4,800,000, with $2,000,000 to be paid in up-front cash and $2,800,000 to purchase installment refund annuity contracts paying $4,540 monthly for the life of Isaac Acuna, increasing at 3 percent compounded annually after the first year of payments." *Id.* at 2. Defendant filed a notice of non-opposition to the motion on November 16, 2012. (Doc. 33).

On November 21, 2012, the Court ordered Plaintiff to file supplemental briefing in support of the motion, noting the information required under the Local Rules was not clearly identified for the Court in the moving papers. (Doc. 34). Further, the Court noted inconsistencies with the fee award request, and requested explanation regarding the relevance of the state court's approval of the action. *Id.* at 2. In compliance with the Court's order, Plaintiff filed the supplemental brief on November 26, 2012. (Doc. 35).

**II.     Settlement Approval Standards**

2

No settlement or compromise of "a claim by or against a minor or incompetent person" is effective unless it is approved by the Court.  Local Rule 202(b).  The purpose of requiring the Court's approval is to provide an additional level of oversight to ensure that the child's interests are protected.  Toward this end, a party seeking approval of the settlement must disclose:

> the age and sex of the minor, the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount . . . was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise, and, if a personal injury claim, the nature and extent of the injury with sufficient particularity to inform the Court whether the injury is temporary or permanent.

Local Rule 202(b)(2).  Generally, federal courts refer to applicable state law in determining whether to approve the settlement of a minor's claims.  *See e.g., Walden v. Moffett*, 2007 U.S. Dist. LEXIS 70507, at *6 (E.D. Cal. Sept. 20, 2007); *MAP v. City of Bakersfield*, 2009 U.S. Dist. LEXIS 7519, at *5 (E.D. Cal. Jan. 23, 2009); *see also* Schwarzer, Tashima & Wagstaffe, *California Practice Guide: Federal Civil Procedure before Trial* § 15:138, p. 15-48 (2010).  In California, a settlement or compromise of a claim of a minor is not enforceable without court approval.  Cal. Prob. Code §§ 2504, 3600 *et seq.*; Cal. Code Civ. Proc. § 372 ("The guardian. . . or guardian ad litem so appearing for any minor . . . shall have power, *with the approval of the court* in which the action or proceeding is pending, to compromise the same. . .") (emphasis added).

### III.    Discussion and Analysis

The petition identifies I.A. as a four-year old male born on November 6, 2008, who is suing Defendant for medical malpractice and negligence for actions related to his birth, as set forth above.  (Doc. 32-3 at 53; Doc. 35 at 1).  I.A. suffers from a brain injury that caused "permanent right-sided hemiparesis, seizures and significant developmental delays."  (Doc. 32-3 at 10, 53).  As a result, I.A. "will require specialized medical care and 24-hour per day attendant care, 7 days weekly."  *Id.* at 10.

#### A.    Settlement Amount

Plaintiff's GAL "approves of the settlement and requests th[e] court to approve of the settlement for the minor, her child."  (Doc. 32 at 5).  Under the terms of settlement, the Government has agreed to pay $4,800,000.00 to I.A. and his parents.  *Id.* at 2.  The petition proposes that $250,000.00 go "to Leobardo Acuna Gutierrez and Adriana Acuna for combined waiver of a future

wrongful death cause of action . . ." (Doc. 32-3 at 46). Thus, the amount designated for settlement of I.A.'s claims totals $4,550,000.00. Of this amount, $2,800,000.00 would be used "to purchase installment refund annuity contracts" paying $4,535.65 monthly, increasing at 3 percent compounded annually after the first year of payments. (Doc. 32 at 2; Doc. 32-3 at 81). The remaining funds, after the deductions set forth below, will be placed into the Special Needs Trust, established by the state court on November 16, 2012. (Doc. 32-3 at 55; Doc. 35 at 3).

Based upon the information provided in the petition and the supporting documents, and considering the totality of the facts and circumstances of this case, the Court finds the settlement in the amount of $4,550,000.00 is fair, reasonable, and in the best interests of the child. Accordingly, the Court recommends the proposed settlement total be approved.

**B.    Attorney's Fees and Costs**

In addition to approval of the settlement itself, any attorney's fee to be paid for representation of a minor must be approved by the court. Cal. Prob. Code § 3601. To determine whether a request for attorney's fee is reasonable, the Court may consider the time and labor required, whether the minor's representative consented to the fee, the amount of money involved and the results obtained, and whether the fee is fixed, hourly, or contingent. *See* California Rule of Court 7.955(b).

The parties agreed "that any attorney's fees owed . . . shall not exceed twenty-five percent of the Settlement Amount." (Doc. 32-3 at 59). The petition proposes $730,213.67 be paid in attorney fees to Plaintiff's counsel, the Law Offices of Bruce G. Fagel. (Doc. 35 at 2). This amount was calculated based on Cal. Bus. & Prof. Code § 6146, which provides in relevant part:

> An attorney shall not contract for or collect a contingency fee for representing any person seeking damages in connection with an action for injury or damage against a health care provider based upon such person's alleged professional negligence in excess of the following limits:
>
> (1)   Forty percent of the first fifty thousand dollars ($50,000) recovered.
> (2)   Thirty-three and one-third percent of the next fifty thousand dollars ($50,000) recovered.
> (3)   Twenty-five percent of the next five hundred thousand dollars ($500,000) recovered.
> (4)   Fifteen percent of any amount on which the recovery exceeds six hundred thousand dollars ($600,000).
>
> The limitations shall apply regardless of whether the recovery is by settlement, arbitration, or judgment, or whether the person for whom the recovery is made is a responsible adult, an infant, or a person of unsound mind.

4

Cal. Bus. & Prof. Code § 6146(a).  Thus, under California law, the fee award for representation of I.A.'s claims is limited to fifteen percent, which is less than the amount requested by Plaintiff's counsel.  However, under the Federal Tort Claims Act, a party may recover fees up to twenty-five percent of the judgment.  28 U.S.C. § 2678.  Because the fees requested fall within the amount specified under the Federal Tort Claims Act and Plaintiff's GAL has indicated her assent to the fee award (Doc. 32 at 5), the Court finds the fee award of $730,213.67 is reasonable.

### C.   Attorney's Costs

The parties "request holding the sum of $100,000 for costs."  (Doc. 32-3 at 46, 54).  According to the parties, the attorneys incurred costs in the amount of $72,643.76 as of August 23, 2012, and as a result, they request $27,356.24 be held in a Client Trust Account at the Law Offices of Bruce G. Fagel.  *Id.* at 54.  The parties explain that "any money remaining in the cost reserve, less 15% attorney fees, will be paid to the [I.A.] Special Needs Trust" sixty days after its approval.  *Id.* at 46, 74.

Although counsel has demonstrated the costs of $72,643.76 are reasonable by filing a cost report (Doc. 32-3 at 74-78), the petition does not explained that the reasonableness of holding $27,356.24.  Likewise, counsel has failed to explain why he should be entitled to earn an addition 15% on this money without regard for whether any further legal efforts will be required.  Accordingly, the Court recommends $72,643.76 be awarded in costs.

### D.   Medical Lien

Medi-Cal advanced the cost of medical services for Plaintiff, and the State has the right to be reimbursed pursuant to the California Welfare and Institutions Code.  (Doc. 32-3 at 89; *see also* Cal. Welf. & Inst. Code §§ 14124.70- 14124.794, 14024).  Specifically, Medi-Cal advanced the sum of $81,618.02 for Plaintiff's medical care.  (Doc. 32-3 at 89).  Accordingly, Plaintiff's counsel requests this sum be deducted from the settlement fund. (Doc. 32-3 at 46).  Notably, however, the Department of Health Care Services notified Plaintiff's counsel that "[r]eimbursement in the amount of $61,213.52 will satisfy our lien."  *Id.* at 89.  Counsel has not explained why the child should reimburse Medi-Cal for an amount that is higher that than demanded.  Thus, the Court finds that the $61,213.52 amount

demanded by Medi-Cal is reasonable, and the Court recommends payment be made to the Department of Health and Care Services in the amount of $61,213.52.

Inexplicably, Plaintiff's counsel requests twenty-five percent of the lien paid as attorney fees to counsel. (Doc. 32-3 at 46). Therefore, counsel appears to seek the difference between the sum advanced and the reimbursement requested by the Department of Health Care Services in fees, which amounts to $20,404.50. Although the counsel asserts the request for attorney fees is based upon Section 14124.76(d) of the California Welfare and Institutions Code (*id.*at 46), he fails to direct the Court to any provision of this statute which supports he, rather than the child, should receive the benefit of the reduced Medi-Cal lien.

Moreover, counsel fails to explain why, in addition to the fee amount sought above—which is *greater* than the 15% maximum imposed by California law—he should be entitled to a percentage of the amount advanced by Medi-Cal for the child's medical care. Therefore, the Court finds counsel has failed to support this supplemental fee amount and award of this amount is not reasonable. *See* Cal. Welf. & Inst. Code § 14124.76(d); *see also See* California Rule of Court 7.955(b). Accordingly, the Court recommends the request for twenty-five percent of the lien in attorney fees be **DENIED**.

## IV.     Order

Having reviewed the motion and its supporting documents, the Court determined the matter was suitable for decision without a hearing pursuant to Local Rule 230(g). Accordingly, **IT IS HEREBY ORDERED**: the hearing date of January 7, 2013, is **VACATED**.

## V.     Findings and Recommendations

Based upon the foregoing, it is **HEREBY RECOMMENDED**: that the petition to approve settlement of the minor's claims be **GRANTED IN PART** as follows:

1. The settlement of $4,550,000.00 for the claims of I.A. be **APPROVED**;
2. The motion to approve attorney fees be **GRANTED** in the amount of $730,213.67;
3. The motion to approve costs be **GRANTED** in the amount of $72,643.76;
4. Payment to the Department of Health Care Services be **AUTHORIZED** in the amount of $61,213.52;

5. The balance of the initial payment amount attributable to the child ($1,750,000 of $4,550,000) after the lien, fees and costs are paid--which equals $885,929.05--be **ORDERED** deposited in the "I[ ]. A[ ]. Special Needs Trust;"

6. The remainder of the settlement proceeds, $2,800,000, be **ORDERED** to be used to purchase installment refund annuity contracts which pay at least $4,535.65 monthly and increase at least by 3 percent compounded annually, after the first year of payments.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **November 28, 2012**          /s/ Jennifer L. Thurston
                                        UNITED STATES MAGISTRATE JUDGE