**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| I.A., by and through his guardian ad litem, ADRIANA ACUNA,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　Defendant. | Case No.: 1:11-cv-00406 - LJO - JLT<br><br>AMENDED FINDINGS AND RECOMMENDATIONS GRANTING IN PART PLAINTIFF'S MOTION TO APPROVE SETTLEMENT<br><br>(Doc. 32) |

　　　　The plaintiff ("I.A.") is a minor appearing in this proceeding by and through his guardian ad litem ("GAL") Adriana Acuna. Pending before the Court is an unopposed petition for approval of settlement of the minor's claims. (Doc. 32). For the following reasons, the Court recommends Plaintiff's motion for approval of the settlement be **GRANTED IN PART**.

**I.　　Factual and Procedural History**

　　　　Plaintiff initiated this action against the United States of America ("Defendant" or "the Government") on March 9, 2011, pursuant to the Federal Tort Claims Act arising under 28 U.S.C. § 2671. (Doc. 1). Plaintiff alleged medical malpractice and personal injuries arising from "employees of federally supported medical clinics." *Id.* at 1.

　　　　According to Plaintiff, Clinica Sierra Vista was employed by Adriana Acuna "to diagnose and treat her condition of pregnancy and to do all things necessary for her care and care of her baby [I.A.], including, but not limited to, pre-delivery care, the delivery, and post-delivery care." (Doc. 1 at 4-5).

1  Plaintiff alleged "Defendant and its agents and employees . . . negligently delivered, examined,
2  treated, cared for, diagnosed, operated upon, attended and otherwise handled and controlled the minor
3  Plaintiff herein, thereby proximately causing injuries and damages to the minor Plaintiff, including but
4  not limited to severe neurological injuries and brain damage." *Id.* at 5.  Specifically, Plaintiff reports
5  Clinica Sierra Vista employees "failed to diagnose and treat neonatal alloimmune thrombocytopenia
6  resulting in a massive intracranial hemorrhage that left Plaintiff with significant cognitive defects."
7  (Doc. 32 at 2).  As a result, "Plaintiff will require daily attendant care for the remainder of his life."
8  *Id.*  Therefore, Plaintiff sought damages for past and future medical damages, as well as damages for
9  loss of future earning and earning capacity.  (Doc. 1 at 6).

10       On November 16, 2012, Plaintiff filed the motion now before the Court, asserting the parties
11  reached a settlement agreement, subject to approval of the state court and District Court.  (Doc. 32).
12  Under the terms of the agreement, the Government would pay "$4,800,000, with $2,000,000 to be
13  paid in up-front cash and $2,800,000 to purchase installment refund annuity contracts paying $4,540
14  monthly for the life of [I.A.], increasing at 3 percent compounded annually after the first year of
15  payments." *Id.* at 2.  Defendant filed a notice of non-opposition on November 16, 2012.  (Doc. 33).

16       On November 21, 2012, the Court ordered Plaintiff to file supplemental briefing in support of
17  the motion, noting the information required under the Local Rules was not clearly identified in the
18  moving papers.  (Doc. 34).  Further, the Court noted inconsistencies with the fee request and sought
19  explanation regarding the relevance of the state court's approval of the action.  *Id.* at 2.  In compliance
20  with the Court's order, Plaintiff filed the supplemental brief on November 26, 2012.  (Doc. 35).

21       The Court found good cause to excuse Plaintiff's attendance at a hearing due to his medical
22  fragility, and determined the matter was suitable for decision without a hearing pursuant to Local Rule
23  230(g).  (Doc. 36).  Accordingly, the matter was taken under submission, and the Court issued
24  Findings and Recommendations that Plaintiff's motion be granted in part on November 28, 2012.  *Id.*
25  Plaintiff filed objections thereto on November 29, 2012.  (Doc. 37).  Based upon the information
26  provided, including new costs incurred by Plaintiff's counsel, the Court withdrew the Findings and
27  Recommendations on December 3, 2012.  (Doc. 38).
28  ///

## II. Settlement Approval Standards

No settlement or compromise of "a claim by or against a minor or incompetent person" is effective unless it is approved by the Court. Local Rule 202(b). The purpose of requiring the Court's approval is to provide an additional level of oversight to ensure that the child's interests are protected. Toward this end, a party seeking approval of the settlement must disclose:

> the age and sex of the minor, the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount . . . was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise, and, if a personal injury claim, the nature and extent of the injury with sufficient particularity to inform the Court whether the injury is temporary or permanent.

Local Rule 202(b)(2). Generally, federal courts refer to applicable state law in determining whether to approve the settlement of a minor's claims. *See e.g., Walden v. Moffett*, 2007 U.S. Dist. LEXIS 70507, at *6 (E.D. Cal. Sept. 20, 2007); *MAP v. City of Bakersfield*, 2009 U.S. Dist. LEXIS 7519, at *5 (E.D. Cal. Jan. 23, 2009); *see also* Schwarzer, Tashima & Wagstaffe, *California Practice Guide: Federal Civil Procedure before Trial* § 15:138, p. 15-48 (2010). In California, a settlement or compromise of a claim of a minor is not enforceable without court approval. Cal. Prob. Code §§ 2504, 3600 *et seq.*; Cal. Code Civ. Proc. § 372 ("The guardian. . . or guardian ad litem so appearing for any minor . . . shall have power, *with the approval of the court* in which the action or proceeding is pending, to compromise the same. . .") (emphasis added).

## III. Discussion and Analysis

The petition identifies I.A. as a four-year old male born on November 6, 2008, who is suing Defendant for medical malpractice and negligence for actions related to his birth, as set forth above. (Doc. 32-3 at 53; Doc. 35 at 1). I.A. suffers from a brain injury that caused "permanent right-sided hemiparesis, seizures and significant developmental delays." (Doc. 32-3 at 10, 53). As a result, I.A. "will require specialized medical care and 24-hour per day attendant care, 7 days weekly." *Id.* at 10.

### A. Settlement Amount

Plaintiff's GAL "approves of the settlement and requests th[e] court to approve of the settlement for the minor, her child." (Doc. 32 at 5). Under the terms of settlement, the Government

has agreed to pay $4,800,000.00 to I.A. and his parents. *Id.* at 2. The petition proposes that $250,000.00 go "to Leobardo Acuna Gutierrez and Adriana Acuna for combined waiver of a future wrongful death cause of action . . ." (Doc. 32-3 at 46). Thus, the amount designated for settlement of I.A.'s claims totals $4,550,000.00. Of this amount, $2,800,000.00 would be used "to purchase installment refund annuity contracts" paying $4,535.65 monthly, increasing at 3 percent compounded annually after the first year of payments. (Doc. 32 at 2; Doc. 32-3 at 81). The remaining funds, after the deductions set forth below, will be placed into the Special Needs Trust, established by the state court on November 16, 2012. (Doc. 32-3 at 55; Doc. 35 at 3).

Based upon the information provided in the petition and the supporting documents, and considering the totality of the facts and circumstances of this case, the Court finds the settlement in the amount of $4,550,000.00 is fair, reasonable, and in the best interests of the child. Accordingly, the Court recommends the proposed settlement total be **APPROVED**.

### B. Attorney's Fees and Costs

In addition to approval of the settlement itself, any attorney's fee to be paid for representation of a minor must be approved by the court. Cal. Prob. Code § 3601. To determine whether a request for attorney's fee is reasonable, the Court may consider the time and labor required, whether the minor's representative consented to the fee, the amount of money involved and the results obtained, and whether the fee is fixed, hourly, or contingent. *See* California Rule of Court 7.955(b).

The parties agreed "that any attorney's fees owed . . . shall not exceed twenty-five percent of the Settlement Amount." (Doc. 32-3 at 59). The petition proposes $730,213.67 be paid in attorney fees to Plaintiff's counsel, the Law Offices of Bruce G. Fagel. (Doc. 35 at 2). Under the Federal Tort Claims Act, a party may recover fees up to twenty-five percent of the judgment. 28 U.S.C. § 2678. Because the fees requested fall within the amount specified under the Federal Tort Claims Act and Plaintiff's GAL has indicated her assent to the fee award (Doc. 32 at 5), the Court finds the fee award of $730,213.67 is reasonable, and recommends the amount be **GRANTED**.

### C. Attorney's Costs

The parties propose "holding the sum of $100,000 for costs" in a client trust account at the Law Offices of Bruce G. Fagel. (Doc. 32-3 at 46, 54). According to the parties, the attorneys incurred

4

1 costs in the amount of $84,474.30.[1] (Doc. 37 at 9). As a result, counsel requests $15,525.70 in the client trust account. The parties explain "money remaining in the cost reserve, less 15% attorney fees, will be paid to the [I.A.] Special Needs Trust" sixty days after its approval. (Doc. 32-3 at 46, 74).

Counsel has provided a cost report, demonstrating expenses through November 29, 2012. (Doc. 37 at 5-9). Importantly, the report identifies several costs that are not the result of claims against the Government, including:

| October 28, 2009 | Filing summons | $355.00 |
| November 24, 2009 | Service of process- County of Kern | $75.00 |
| December 16, 2009 | Proof of service: County of Kern | $60.00 |
| August 30, 2010 | Court call: case management conference | $65.00 |
| November 19, 2010 | Court call: case management conference | $65.00 |
| January 18, 2011 | Court call: case management conference | $235.00 |
| February 17, 2011 | Court call: case management conference | $85.00 |

(Doc. 37 at 5-9). These costs relate only to the case against the County, and the case management conferences were held in the state court.[2, 3] Accordingly, the Court is not entitled to recover costs for the above services, and the amount of $940.00 shall be deducted from the cost award.

Further, the petition has not explained the reasonableness of holding funds in a client trust account, or why counsel should be entitled to earn an addition 15% on this money without regard for whether any further legal efforts will be required. Accordingly, the Court recommends an award of costs in the amount of $83,534.30 be **GRANTED**.

**D.     Medical Lien**

---

[1] When Plaintiff filed the motion for approval of the settlement, counsel reported costs of $72,643.76. (Doc. 32-3 at 54). No additional costs were claimed in the supplemental briefing filed on November 21, 2012. Rather, counsel asserted increased costs in the objections to the Findings and Recommendations he filed November 29, 2012. (Doc. 37).

[2] The Court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); *United States v. Bernal-Obeso*, 989 F.2d 331, 333 (9th Cir. 1993). The record of a state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. *Mullis v. United States Bank. Ct.*, 828 F.2d 1385, 1388 n.9 (9th Cir. 1987) ); *Valerio v. Boise Cascade Corp.*, 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), *aff'd* 645 F.2d 699 (9th Cir. 1981). Therefore, judicial notice is taken of the court's docket in *Acuna v. County of Kern*, Case No. S-1500-CV-268783.

[3] Counsel has failed to affirmatively represent that these costs relate only to the child's action and do not relate to the parents' action. Presumably, the parents have agreed to pay the costs attributable to them out of the settlement proceeds they receive. However, because counsel seeks these costs against the child, the Court accepts the implied representation of counsel—that the costs do, indeed, relate only to the child's action—because, of course, as an officer of the Court, anything less would be a breach of ethics.

Medi-Cal advanced the cost of medical services for Plaintiff, and the State has the right to be reimbursed pursuant to the California Welfare and Institutions Code. (Doc. 32-3 at 89; *see also* Cal. Welf. & Inst. Code §§ 14124.70- 14124.794, 14024). Specifically, Medi-Cal advanced the sum of $81,618.02 for Plaintiff's medical care. (Doc. 32-3 at 89). Accordingly, Plaintiff's counsel requests this sum be deducted from the settlement fund. (Doc. 32-3 at 46). Notably, however, the Department of Health Care Services notified Plaintiff's counsel that "[r]eimbursement in the amount of $61,213.52 will satisfy our lien." *Id.* at 89. Thus, the Court finds that the $61,213.52 amount demanded by Medi-Cal is reasonable, and the Court recommends payment be made to the Department of Health and Care Services in the amount of $61,213.52.

Plaintiff's counsel requests twenty-five percent of the original lien amount be paid as attorney fees to counsel, amounting to $20,404.50, which is permitted under Cal. Welf. & Inst. Code § 14124.72. (Doc. 32-3 at 46). The statute provides the twenty-five percent deduction from the lien "represents the . . . attorney's fees paid by the beneficiary *and* that portion of the costs of litigation expenses." Cal. Welf. & Inst. Code § 14124.72(d) (emphasis added). However, counsel has failed to demonstrate the child is not paying twice for the same legal effort, or that the costs awarded above do not include costs related to recovery the amount due on the Medi-Cal lien. *Diamond v. John Martin Co.,* 753 F.2d 1465, 1467 (9th Cir. 1985) ("[T]he burden of proof is on the party seeking the attorney fee award.") Consequently, the Court recommends the additional award of $20,404.50 in fees and costs be **DENIED**.

## IV.     Findings and Recommendations

Based upon the foregoing, it is **HEREBY RECOMMENDED**: that the petition to approve settlement of the minor's claims be **GRANTED IN PART** as follows:

1. The settlement of $4,550,000.00 for the claims of I.A. be **APPROVED**;
2. The motion to approve attorney fees be **GRANTED** in the amount of $730,213.67;
3. The motion to approve costs be **GRANTED** in the amount of $83,534.30;
4. Payment to the Department of Health Care Services be **ORDERED** in the amount of $61,213.52;

6

5. The balance of the initial payment amount attributable to the child ($1,750,000 of $4,550,000) after the lien, fees and costs are paid—which equals $875,038.51—be **ORDERED** deposited in the "I[ ]. A[ ]. Special Needs Trust;" and

6. The remainder of the settlement proceeds, $2,800,000, be **ORDERED** to be used to purchase installment refund annuity contracts which pay at least $4,535.65 monthly and increase at least by 3 percent compounded annually, after the first year of payments.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **December 7, 2012**          /s/ Jennifer L. Thurston
                                                       UNITED STATES MAGISTRATE JUDGE